The opinion of the Court was delivered by
Whitner, J.
The question first presented is, whether the action of trover could be maintained under the circumstances of this case. The facts have been settled by the verdict.
This was a sale at auction, and the terms of the statute of frauds were sufficiently complied with by the memoranda then made. The name of the purchaser, the price and name of the slave, and the terms of sale announced at the opening of the auction, each in writing, were quite sufficient.
*72 The plaintiff being the highest and last bidder, and so entered, the bargain was thus struck, and the purchaser acquired a property in the slave, though his title was inchoate only. By the terms of the contract, and so it would have been if nothing had been specified, the vendor had a right to retain possession until payment of the price or compliance with the terms of sale by the vendee. As a consequence, the right of possession in the vendee would not pass until such compliance or its equivalent. Chit, on Con. 407, 442. In this case, there was neither actual delivery of the chattel, nor was there actual payment of the price. It was a sale on credit, and the purchase money was to be secured by note and approved surety. The testimony discloses that the time for complying with the terms was extended, and within that time a note, with surety, was tendered by the plaintiff to the defendants. At sales for cash, the purchaser cannot sue for the non-delivery until the price be paid or tendered by him, unless the tender be unnecessary by the vendor's admission that it would be fruitless. Chit, on Con. 442.
The enquiries whether a note was tendered, and within the time, and such a note as was within the terms, have each been answered favorably to the plaintiff by the verdict of the jury, and who, we are informed by the Circuit Judge, were specially charged on that subject, and in such way, it would seem, as to furnish no ground of complaint.
The tender of the price, if for cash, or the note on such terms as here, is all the purchaser can do. He could not compel their acceptance, and having done all that he could, and all that the seller would permit to be done, the property passed. 2 Green. Ev. 638. A right of action having accrued, Was trover, however, the proper form? Another might well, and perhaps better, have been adopted, because freer from embarrassment in reference to the question of damages; but upon authority, we feel constrained to sustain this action. Property in the chattel, general and absolute, or special, with a right to immediate possession, are indispensable. Though a purchaser, for ready money, *73 acquires the right to the property on sale, yet he acquires no right to the possession, until he either pays or tenders the price, and until such time he cannot maintain trover. Browne on Actions at Law, and note, 35 Law Lib. 309 (432).
When a bargain for the sale of goods is complete, the property is in the vendee, and, therefore, if upon a sale the vendor refuse to deliver, the vendee, on tendering the stipulated payment, may maintain trover against the vendor. Ross on Vendors, 12 Law Lib. 368.
On the subject of damages, the defendants have had a hard measure dealt to them. We cannot say it was unauthorized by the proof. This being peculiarly within the province of the jury, this Court cannot perceive a just ground on which to send this case back.
The motions for non-suit and new trial are dismissed.
O’Neall, Wardlaw, Frost, Withers and Glover, JJ., concurred.

Motion dismissed.